Cheng v. Holder

BIA
Weisel, IJ
A 099 661 835

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges*.

––––––––––––––––––––––––––––––––––––

YOU XING CHENG,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
> *Respondent*.

09-2913-ag
NAC

––––––––––––––––––––––––––––––––––––

FOR PETITIONER: David A. Bredin, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel; Lauren Ritter, Law Clerk, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner You Xing Cheng, a native and citizen of China, seeks review of the June 23, 2009 order of the BIA affirming the October 10, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Xing Cheng*, No. A 099 661 835 (B.I.A. June 23, 2009), *aff'g* No. A 099 661 835 (Immig. Ct. N.Y. City Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency correctly concluded that Cheng was not eligible for asylum based on his wife's forced abortion and IUD insertion. *See Shi Liang Lin v. U.S. Dep't of Justice*,

2

494 F.3d 296, 309-10 (2d Cir. 2007). Nonetheless, even though Cheng was not *per se* eligible for relief on that basis, he could still qualify for relief by demonstrating that he engaged in "other resistance" to the family planning policy and that he was persecuted or had a well-founded fear of persecution on account of that resistance. *See* 8 U.S.C. § 1101(a)(42); *Shi Liang* Lin, 494 F.3d at 313. Assuming, arguendo, that Cheng established the requisite resistance, the agency nevertheless reasonably determined that he failed to demonstrate related past or feared persecution.

Although Cheng was insulted, pushed, and kicked by authorities when he attempted to prevent them from taking his wife for an IUD insertion and forced abortion, the BIA reasonably determined that this physical mistreatment did not manifest past persecution, especially because Cheng was not detained at the time. *Cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (observing that physical mistreatment "must be assessed with regard to the *context* in which [it] occurs," and that conduct "that, in other contexts, could fairly be characterized as the 'mere annoyance and distress' of harassment, can take on an entirely different character when officially inflicted on an individual while detained on

3

account of protected grounds" (internal citation omitted)).

The BIA also reasonably determined that although family planning officials continued to inquire as to Cheng's whereabouts, this alone did not support a well-founded fear that he would be persecuted if returned to China. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that absent "solid support in the record" for petitioner's claim that he would be persecuted under family planning policy, his fear was "speculative at best"). Indeed, Cheng did not show that authorities would do anything more than fine him upon his return. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (observing that economic deprivation may constitute persecution only where applicant offers proof of "deliberate imposition of substantial economic disadvantage"); *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992) ("[P]unishment for violation of a generally applicable criminal law is not persecution.").

The agency's denial of Cheng's application for CAT relief was similarly supported by the record.[1] Cheng contends that

---

[1] Cheng abandons his withholding of removal claim before this Court.

4

the IJ failed to consider evidence regarding country conditions or address the possibility of future torture if he were returned to China. To the contrary, the IJ explicitly addressed the possibility that Cheng could be tortured in the future, finding that "[a]lthough it is indicated that police have come to his home repeatedly to look for him, seeking to arrest him, there is no indication that they want to torture him." *In re Cheng You Xing*, No. A 099 661 835, at 9. This finding was not in error. *See Jian Xing Huang*, 421 F.3d at 129; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded evidence lies largely within the IJ's discretion). The IJ also properly found that Cheng failed to demonstrate that he would be tortured due to his illegal departure. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

Furthermore, although the IJ did not discuss country conditions evidence in detail, we do not require an IJ to do so. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (observing that BIA need not "expressly parse or refute on the record each individual argument or piece of evidence

5

offered by the petitioner" (internal quotation marks omitted)); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Insofar as Cheng faults the agency for relying on "biased and outdated" country conditions reports, Pet'r's Br. at 30, the 2007 State Department report in the record was not outdated. Indeed, the IJ rendered his oral decision in October 2007, the same year the report was released. Cheng's unamplified claim that such reports are biased is equally meritless in light of our holding that State Department reports are "probative" and that the agency does not err in relying on them. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk